Eukfin, J.
 

 There may be in s'ome cases much difficulty in distinguishing between a mortgage and a conditional sale; but there are very decisive evidences of the true character of this transaction. The deed of itself imports
 
 prima fade
 
 a security, and not a sale — by “the proviso for the privilege of redeeming” the negroes, which between these parties is equivalent to a technical condition on which an equity of redemption, proper, would arise as denoting the intent of the parties. The inference from these terms is fortified strongly by the circumstances. It is impossible to believe, that the bargain was for the interest expressed in the deed. It purports to be a conveyance, out and out, of the three slaves specifically, without taking any notice of the existing life-estate of the mother, or the interest of the other two children in the fund after her death. No money was advanced by Weston, but he only agreed with Wilson orally, that he would satisf3r the executions, which, however, he never did until after the life-estate fell in. The plaintiff was illiterate, and needy, and in the power of the other party, and the disparity between the alleged price, and the value of the true interest of the plaintiff, was very great, while that between the price and the value of the negroes, as conveyed, was enormous. The agreement could not have been for a sale of any kind, but only as a security ; and the plaintiff is entitled to a declaration to that effect, and a decree accordingly.
 

 As the original defendant denied the plaintiff’s right to redeem altogether the plaintiff is entitled to his costs up to the hearing. In taking the account, those costs must be set against the debt and interest; and, should there remain abal
 
 *352
 
 anee of costs, the present defendent must pay it out of the assets of his intestate.
 

 Per Curiam, Decree accordingly.